FARMERS' GRIST MILLING COMPANY, Appellant, v.
CHARLES T. LOVELL, Respondent.

**St. Louis Court of Appeals, January 24, 1899.**

**Appellate Practice.** Where the case is submitted upon proper instructions, and the finding is supported by the evidence, this court will affirm the judgment.

*Appeal from the Louisiana Court of Common Pleas.*—HON.
REUBEN F. ROY, Judge

AFFIRMED.

JAMES W. REYNOLDS for appellant.

The first instruction given by the court directed the jury to decide a point not in dispute and should not have been given. Russell v. Ins. Co., 55 Mo. 585; Safety Fund National Bank v. Westlake, 21 Mo. App. 565. Defendant was a bailee of sacks he obtained from plaintiff. Schouler on Bailments, sec. 3. As such bailee he is responsible for slight, ordinary or gross negligence in handling them. Schouler on Bailments, sec. 15. The burden of proving that the loss of the missing sacks was not due to his negligence

should have been on defendant.    Taussig v. Shields, 26 Mo. App. 318.    Lovell was given specific instructions by the plaintiff to keep strict account of the sacks (see transcript, page 15), and he violated these instructions (see page 34), which made him liable to the plaintiff for all loss.    Reynolds v. Rodgers, 63 Mo. 17; Young v. Powell, 87 Mo. 128; Smith v. Crews, 2 Mo. App. 269; Butts v. Phelps, 79 Mo. 302.    Both instructions given by the court of its own motion were erroneous for the reason that they ignored the defendant's duty and liability as agent and bailee, and directed the attention of the jury to facts not in dispute.    Martin v. Johnson, 23 Mo. App. 96; Brown v. McCormick, 23 Mo. App. 181; Kennedy v. Kline, 19 Mo. App. 15; Henry v. Basnet, 75 Mo. 89.

D. A. BALL and THOS. L. ANDERSON for respondent.

Verdict of the jury will not be disturbed if there is any evidence to sustain it.    The alleged error in instruction number 1 was not well taken.    A judgment will not be disturbed even if founded upon an instruction that is erroneous, if judgment is given for the right party.    An appellate court will not reverse a judgment on account of an instruction given concerning a question not in controversy, if, immaterial, not misleading and harmless.    Nance v. Metcalf, 19 Mo. App. 183; Brink v. Railway, 17 Mo. App. 177; R. S. 1889, sec. 2303; Fairbank v. Long, 91 Mo. 628; Morris v. Railroad, 79 Mo. 368; Moffsinger v. Bailey, 72 Mo. 368; Mathews v. The St. Louis Grain Elevator Co., 59 Mo. 478.    Instruction number 2 covers the whole law in the case, directing the jury to find for the plaintiff, if they believe from the evidence that the defendant had contracted to be responsible for the sacks.    This includes the loss of sacks, whether through slight, ordinary or gross negligence.    Instructions concerning abstract propositions of law, which

could not assist the jury in deciding the case, should not be given. McLain v. Winchester, 17 Mo. 49; Gray v. The Mo. River Packet Co., 64 Mo. 49; Chiles v. Garrison, 32 Mo. 475. The alleged error in instruction number 3 is absolutely fallacious and without foundation. The appeal to the common pleas court was taken "from the merits" (*vide* page 6 of transcript). This includes the costs. The costs can not be taxed against a party winning on the "merits." The appellate court will not reverse a case already tried, although the affidavit did not state whether the appeal was taken from the merits or costs, *a fortiori,* a case will not be reversed if taken from the merits. Pearson v. Gillet, 55 Mo. App. 312; Lowry v. Philipps, 57 Mo. App 232; Pifer v. Starley, 57 Mo. App. 516. Where it is agreed between bailor and bailee that the bailee might deliver the property to a third person, the liability of the bailee terminates with the delivery. Pritchett v. Reynold, 21 Mo. App. 674. Where a party sets up a contract and avers nonperformance, the burden of proof is on him to prove such contract. Church v. Fagin, 43 Mo. 123; Glover v. Henderson, 120 Mo. 367; Spurlock v. Railway, 125 Mo. 404.

BIGGS, J.—The plaintiff employed the defendant to buy wheat, and as compensation it agreed to pay him one cent a bushel. The wheat was to be purchased from farmers and plaintiff was to furnish sacks. The plaintiff failed to get back four hundred and ninety-nine of the sacks which it delivered to defendant. In this action it seeks to recover their value, upon the ground that the defendant agreed to become responsible for their return. The defendant denies this. Upon this simple issue of fact the case was tried. The court submitted the case upon proper instructions and the finding was for the defendant. As there is abundant evidence to support the verdict, we will affirm the judgment. All concur.